USDC SCAN INDEX SHEET

















GEP   10/15/04   14:17

3:04-CV-02071   BACA V. BIG TAG MEDIA LLC

*1*

*CMP.*

1 | HAROLD (HARRY) OLSEN, ESQ./CSBN 134922
Law Offices of Harry Olsen
2 | 2424 Vista Way, Suite 300
Oceanside, California 92054
3 | (760) 439-5455

4 | Attorney for Plaintiff, Gina Marie Baca

FILED

04 OCT 15 AM 10: 06

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

5

6

7

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | GINA MARIE BACA,

12 |                 Plaintiff,

13 | v.

14 | BIG TAG MEDIA, LLC, dba GOODLENDER,
A Corporation; WAYNE IRVING, An
15 | Individual; SCOTT LASSERS, An Individual;
CASEY LOWE, An Individual; CYGEL
16 | WHITE, An Individual; and SEAN ROOZEN,
An Individual,

17

18 |                 Defendants.

19

CASE NO. '04 CV 2071 W (WMc)

**COMPLAINT FOR**

1.    Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1967, as Amended;
2.    Sexual Harassment in Violation of the California Fair Employment and Housing Act (Cal.Gov. Code Section 12940);
3.    Failure to Maintain Environment Free From Harassment and Discrimination (Cal.Gov. Code Section 12940(i))
4.    Retaliation for Reporting Illegal; and Discrimination and Harassment (Cal.Gov. Code Section 12940(f))

20

21 | **DEMAND FOR JURY TRIAL**

22 |       Plaintiff, Gina Marie Baca, alleges as follows:

23 |                          **VENUE AND JURISDICTION**

24 |       1.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

25 | sections 1331 and 1332.

26 |       2.     Venue is proper in this Court because the unlawful employment practices, alleged

27 | herein, took place in the County of San Diego, State of California, and at least one of the

28 | defendants resides in San Diego County, State of California.

CP

1

Complaint for Discrimination

**PARTIES**

3.    Plaintiff, Gina Marie Baca, is and, at all times mentioned herein was, an adult female residing in the County of San Diego, State of California, and employed in the City of Oceanside, California during the time of the events alleged herein.

4.    Plaintiff is informed and believes and thereon alleges that Defendant, Big Tag Media, LLC, dba GoodLender (hereinafter, "Big Tag") , was and is an entity subject to suit under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sections 2000e-20003-17), as well as California Government Code Section 12940, in that Big Tag is an employer who regularly employs fifteen or more persons in the State of California, County of San Diego, and was, at all relevant times, Plaintiff's employer.

5.    Plaintiff is informed and believes and thereon alleges that Defendant, Wayne Irving (hereinafter "Irving"), was a managing agent and co-owner of Big Tag,, was and is a person subject to suit under Title VII of the Civil Rights Act of 1964, as amended, as well as California Government Code Section 12940.

6.    Plaintiff is informed and believes and thereon alleges that Defendant, Scott Lassers (hereinafter "Lassers"), was a managing agent and co-owner of Big Tag,, was and is a person subject to suit under Title VII of the Civil Rights Act of 1964, as amended, as well as California Government Code Section 12940.

7.    Plaintiff is informed and believes and thereon alleges that Defendant, Casey Lowe (hereinafter "Lowe"), was an employee of Big Tag,, was and is a person subject to suit under Title VII of the Civil Rights Act of 1964, as amended, as well as California Government Code Section 12940.

8.    Plaintiff is informed and believes and thereon alleges that Defendant, Cygel White (hereinafter "White"), was an employee of Big Tag,, was and is a person subject to suit under Title VII of the Civil Rights Act of 1964, as amended, as well as California Government Code Section 12940.

9.    Plaintiff is informed and believes and thereon alleges that Defendant, Sean Roozen (hereinafter "Roozen"), was an employee of Big Tag,, was and is a person subject to suit under

2

1  Title VII of the Civil Rights Act of 1964, as amended, as well as California Government Code

2  Section 12940.

3      10.    Plaintiff is unaware of the true identities of other defendants who are responsible at

4  least in part for the occurrences alleged herein and are therefore liable to Plaintiff for the damages

5  proximately caused thereby.   Plaintiff will seek leave of this Court to further amend his complaint

6  to allege their identities when they have been ascertained.

7      11.    Plaintiff is informed and believes and thereon alleges that each of the defendants was

8  the employee, agent or representative of each of their co-defendants and, when doing the acts

9  alleged herein, was acting within the course and scope of the employment, agency or

10  representation.

11                    **GENERAL BACKGROUND FACTS**

12     12.    Plaintiff was continuously employed by Defendant from approximately July 10,

13  2002, to on or about October 21, 2002.

14     13.    From August of 2002 to on or October 18, 2002,  Plaintiff was sexually harassed by

15  defendants, Irving, Lowe, White, and Roozen on a daily basis, which harassment included, but was

16  not limited to, verbal and visual harassment, such as being called a "cunt," as well as repeated

17  comments about her anatomy, accompanied by repeated leering.   Such conduct was unwelcome,

18  and created a hostile work environment.

19     14.    On or about September of 2002,  Plaintiff' reported and complained about such

20  conduct to defendants, Lassers and Irving; however, both defendants refused to take any steps to

21  either investigate or stop the harassment, and defendant Irving later called Plaintiff "a fucking

22  bitch" just days before terminating her employment.

23     15.    On or about October 21, 2002, defendants Lassers, Irving, and Big Tag, terminated

24  Plaintiff for having complained of the above-described sexual harassment.

25                    **FIRST CAUSE OF ACTION**
                      **SEXUAL HARASSMENT**
26                    **(Title VII of the Civil Rights Act)**

27     16.    Plaintiff realleges paragraphs 1 through 15 above and incorporates them herein by

28  reference as though set forth in full.  This cause of action is pleaded against all Defendants.

3

17.     At all relevant times mentioned herein, Title VII of the Civil Rights Act of 1967, as Amended ("Title VII") 42 U.S.C. Sections 2000e-2000e-17,  was in full force and effect, and all defendants were subject to its requirements.

18.     Plaintiff was at all times qualified to perform and satisfactorily performed the requirements of her employment with defendants.

19.     The conduct of defendants in harassing and retaliating against Plaintiff for complaining of the sexual harassment, constitutes sexual harassment in violation of Title VII.

20.     Title VII grants a right of action to any person aggrieved by the acts of an employer and/or its agents in violation of the Act, and Plaintiff has complied with the pre-litigation requirements of Title VII by filing timely filing a Charge of Discrimination  with the federal Equal Employment Opportunity Commission ("E.E.O.C."), and on July 21, 2004 was issued a "right-to-sue" letter by the E.E.O.C., a true an correct copy of which is attached as "Exhibit A" hereto.

21.     As a proximate result of defendants' discriminatory policies and practices, Plaintiff has lost income,  and other employment-related benefits.

22.     As a further and proximate result of defendants' discriminatory policies and practices, Plaintiff has suffered and continues to suffer depression, embarrassment, humiliation, loss of self-esteem and anguish, all to Plaintiff's damage in an amount unknown at this time, but to be shown according to proof at the time of trial.

23.     As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights to Plaintiff's damage in an amount unknown at this time but which will be claimed, according to proof, at the time of trial.

24.     Defendants committed the acts alleged herein maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice in conscious disregard of Plaintiff's rights.  Because the acts taken against Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages.

// // //

4

Complaint for Discrimination

## SECOND CAUSE OF ACTION
### SEXUAL HARASSMENT

### (California Government Code §12940)

18. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 15 above as though set forth in full herein. This cause of action is pleaded against all Defendants.

19. Defendants were at all material times employers within the meaning of California Government Code §12926(d) and, and as such, is barred from discriminating or retaliating in employment conduct or decisions on the basis of race as set forth in California Government Code §12940.

20. Plaintiff was at all material time an employee covered by California Government Code §12940 prohibiting discrimination or retaliation in employment conduct or decisions on the basis of sex, including sexual harassment.

21. Defendants and each of them engaged in a pattern and practice of discriminating against, including Plaintiff, on the basis of race in violation of California Government Code §12940 by engaging in a course of conduct that included subjecting Plaintiff to sexual harassment and hostility.

22. Plaintiff filed a timely charge of sexual harassment and discrimination and retaliation to the California Department of Fair Housing and Employment and has received "right-to-sue" letters against defendants Big Tag, Irving, Lassers, Lowe, White, and Roozen (attached hereto, respectively, as Exhibits "B" through "G"). Thus, she has exhausted her administrative remedies.

23. As a proximate result of Defendant's conduct, Plaintiff suffers substantial losses of past and future loss of income, which would otherwise have been available, if not for the illegal conduct of defendants.

24. As a proximate result of defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to her damage in an amount according to proof.

25. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

26. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney fees and costs of suit as provided by California Government Code §12965(g).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION
## FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSEMENT AND DISCRIMINATION

### (California Government Code §12940(i))

27. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 15 above as though set forth in full herein. This cause of action is pleaded against all Defendants.

28. Defendants failed to take all reasonable steps to prevent harassment and discrimination against Plaintiff from occurring, and to take immediate and corrective action to remedy the harassment, violation of California Government Code §12940(i), by engaging in the course of conduct set forth in paragraphs 10 through 15, among other things.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
## RETALIATION FOR REPORTING ILLEGAL DISCRIMINATION AND HARASSMENT

### (California Government Code §12940(f))

29. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 15 above as though set forth in full herein. This cause of action is pleaded against all Defendants.

30. Defendants and each of them have retaliated in violation of California Government Code §12940(f), by engaging in a course of conduct, including among other things, the conduct

6

*set forth in paragraphs 10 through 15, above, when she complained about racial harassment* and hostility and conduct based on racial discrimination, carried out by Defendants, including members of Big Tag's management and employees, acting within the course and scope of their employment.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

WHEREFORE, Plaintiff prays for judgment as stated below.

1.     For general damages in an amount unknown at this time, but according to proof at the time of trial;

2.     For special damages in an amount unknown at this time, but according to proof at the time of trial;

3.     For costs of suit incurred herein;

4.     For reasonable attorney's fees;

5.     For punitive damages according to proof at the time of trial;

6 .    For such other and further relief as this court deems just and proper .

LAW OFFICES OF HARRY OLSEN

October 13, 2004                    By:   _____
                                          Harold (Harry) L. Olsen
                                          Attorney for Plaintiff, Gina Marie Baca

7

Complaint for Discrimination

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Gina Marie Baca<br>5025 Collwood Way, #28<br>San Diego, CA 92115 | From: San Diego Area Office<br>401 B Street<br>Suite 510<br>San Diego, CA 92101 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 340-2003-06769 | Steven E. Aronberg,<br>Enforcement Supervisor | (619) 557-7290 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)   **Unable to locate Respondent**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

| Enclosure(s) | _Bettie Isiaka,_<br>**Acting Director** | -1/21/04<br>(Date Mailed) |
|---|---|---|

cc: BIG TAG MEDIA/GOOD LENDER
732 3rd Street
Encinitas, CA 92024

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005, San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683



December 26, 2003

GINA MARIE BACA
1324 Pacific Street, Apt. #1
Oceanside, CA 92054

RE:     E200203D0954-00-rse/340A306769
        BACA/BIG TAG MEDIA/GOOD LENDER

Dear GINA MARIE BACA:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Processing Waived To Another Agency.

Please be advised that this recommendation has been accepted and the case has been closed effective December 26, 2003.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7 or 54, you should consult an attorney about the applicable statutes of limitation. If you signed a settlement agreement resolving your complaint, it is likely that you have waived your right to file a private lawsuit.

Notice of Case Closure
Page Two


This case may be referred to the U.S. Equal Employment Opportunity Commission
for further review. If so, pursuant to Government Code section 12965, subdivision
(d)(1), your right to sue will be tolled during the pendency of EEOC's review of
your complaint.

The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,

*Belinda De La Cruz*

*Belinda De La Cruz*
District Administrator

cc:    Case File


GKL Corporate Search, Inc.
Agent of Service
BIG TAG MEDIA/GOOD LENDER
915 L Street Street #1250
Sacramento, CA 95814

DFEH-200-08e (04/03)
DSPENCESC



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY         ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1350 Front Street, Suite 3005, San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683

December 26, 2003

GINA MARIE BACA
1324 Pacific Street, Apt. #1
Oceanside, CA 92054

RE: E200203D0954-01-rse
      <u>BACA/IRVING, WAYNE, As An Individual</u>

Dear GINA MARIE BACA:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Processing Waived To Another Agency.

Please be advised that this recommendation has been accepted and the case has been closed effective December 26, 2003.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7 or 54, you should consult an attorney about the applicable statutes of limitation. If you signed a settlement agreement resolving your complaint, it is likely that you have waived your right to file a private lawsuit.



Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda De La Cruz*

Belinda De La Cruz
District Administrator

cc:     Case File

Wayne Irving
As An Individual
BIG TAG MEDIA/GOOD LENDER
732 3rd Street
Encinitas, CA 92024

DFEH-200-08a (04/03)
DSPENCESC



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY                                        ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005, San Diego, CA  92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683



December 26, 2003


GINA MARIE BACA
1324 Pacific Street, Apt. #1
Oceanside, CA 92054

RE:   E200203D0954-05-rse
       BACA/LASSERS, SCOTT, As An Individual

Dear GINA MARIE BACA:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint
that was filed with the Department of Fair Employment and Housing (DFEH) has
recommended that the case be closed on the basis of: Processing Waived To
Another Agency.

Please be advised that this recommendation has been accepted and the case has
been closed effective December 26, 2003.

This letter is also your Right-To-Sue Notice. According to Government Code
section 12965, subdivision (b), a civil action may be brought under the provisions
of the Fair Employment and Housing Act against the person, employer, labor
organization or employment agency named in the above-referenced complaint.
This is also applicable to DFEH complaints that are filed under, and allege a
violation of Government Code section 12948 which incorporates Civil Code
sections 51, 51.7, and 54. The civil action must be filed within one year from the
date of this letter. However, if your civil complaint alleges a violation of Civil
Code section 51, 51.7 or 54, you should consult an attorney about the applicable
statutes of limitation. If you signed a settlement agreement resolving your
complaint, it is likely that you have waived your right to file a private lawsuit.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission
for further review. If so, pursuant to Government Code section 12965, subdivision
(d)(1), your right to sue will be tolled during the pendency of EEOC's review of
your complaint.

The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,

Belinda De La Cruz

Belinda De La Cruz
District Administrator

cc:     Case File

Scott Lassers
As An Individual
732 Third Street
Encinitas, CA  92024

DFEH-200-08e (04/03)
DSPENCESC

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY     ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005, San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683



December 26, 2003

GINA MARIE BACA
1324 Pacific Street, Apt. #1
Oceanside, CA 92054

RE: E200203D0954-02-rse
<u>BACA/LOWE, CASEY, As An Individual</u>

Dear GINA MARIE BACA:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Processing Waived To Another Agency.

Please be advised that this recommendation has been accepted and the case has been closed effective December 26, 2003.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7 or 54, you should consult an attorney about the applicable statutes of limitation. If you signed a settlement agreement resolving your complaint, it is likely that you have waived your right to file a private lawsuit.

Notice of Case Closure
Page Two


This case may be referred to the U.S. Equal Employment Opportunity Commission for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Belinda De La Cruz

Belinda De La Cruz
District Administrator

cc:   Case File


Casey Lowe
As An Individual
BIG TAG MEDIA/GOOD LENDER
732 3rd Street
Encinitas, CA  92024

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005, San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683



December 26, 2003

GINA MARIE BACA
1324 Pacific Street, Apt. #1
Oceanside, CA 92054

RE:   E200203D0954-03-rse
      BACA/WHITE, CYGEL, As An Individual

Dear GINA MARIE BACA:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Processing Waived To Another Agency.

Please be advised that this recommendation has been accepted and the case has been closed effective December 26, 2003.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7 or 54, you should consult an attorney about the applicable statutes of limitation. If you signed a settlement agreement resolving your complaint, it is likely that you have waived your right to file a private lawsuit.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission
for further review. If so, pursuant to Government Code section 12965, subdivision
(d)(1), your right to sue will be tolled during the pendency of EEOC's review of
your complaint.

The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,

*Belinda De La Cruz*

Belinda De La Cruz
District Administrator

cc:    Case File

Cygel White
As An Individual
BIG TAG MEDIA/GOOD LENDER
732 3rd Street
Encinitas, CA  92024

DFEH-200-08e (04/03)
DSPENCESC

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                     ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1350 Front Street, Suite 3005, San Diego, CA  92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683



December 26, 2003

GINA MARIE BACA
1324 Pacific Street, Apt. #1
Oceanside, CA 92054

RE:    E200203D0954-04-rse
       BACA/ROOZEN, SEAN, As An Individual

Dear GINA MARIE BACA:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint
that was filed with the Department of Fair Employment and Housing (DFEH) has
recommended that the case be closed on the basis of: Processing Waived To
Another Agency.

Please be advised that this recommendation has been accepted and the case has
been closed effective December 26, 2003.

This letter is also your Right-To-Sue Notice. According to Government Code
section 12965, subdivision (b), a civil action may be brought under the provisions
of the Fair Employment and Housing Act against the person, employer, labor
organization or employment agency named in the above-referenced complaint.
This is also applicable to DFEH complaints that are filed under, and allege a
violation of Government Code section 12948 which incorporates Civil Code
sections 51, 51.7, and 54.  The civil action must be filed within one year from the
date of this letter.  However, if your civil complaint alleges a violation of Civil
Code section 51, 51.7 or 54, you should consult an attorney about the applicable
statutes of limitation.  If you signed a settlement agreement resolving your
complaint, it is likely that you have waived your right to file a private lawsuit.

Notice of Case Closure
Page Two


This case may be referred to the U.S. Equal Employment Opportunity Commission
for further review. If so, pursuant to Government Code section 12965, subdivision
(d)(1), your right to sue will be tolled during the pendency of EEOC's review of
your complaint.

The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,


*Belinda De La Cruz*
Belinda De La Cruz
District Administrator

cc:     Case File


Sean Roozen
As An Individual
BIG TAG MEDIA/GOOD LENDER
732 3rd Street
Encinitas, CA 92024

DFEH-200-08e (04/03)
DSPENCESC

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | 04 OCT 15 AM 10: 05 |
| | CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SAN DIEGO (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT SAN DIEGO (IN U.S. PLAINTIFF CASES ONLY) DEPUTY NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Harold (Harry) L. Olsen 2424 Vista Way, Suite 300 Oceanside, CA 92054 | ATTORNEYS (IF KNOWN) '04 CV 2071 W (WMc) |

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only)  FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Sexual Harassment / Title VII of the Civil Rights Act of 1964, 42 U.S.C Sections 2000e-20003-17)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | $300,000 according to proof | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See Instructions):    JUDGE _____    Docket Number _____

DATE  10/15/04    SIGNATURE OF ATTORNEY OF RECORD _Harold Olsen_

#107804  $150.00

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)